UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
TWENTIETH CENTURY FOX FILM CORP., et al.,    :
      Plaintiffs,                                      :
                                                     :
                    v.                          :      06 Civ. 3990 (DC)
                                                     :
CABLEVISION SYSTEMS CORP., et al.,        :
      Defendants.                                   :
-----------------------------------------------------------------------X
CABLEVISION SYSTEMS CORP., et al.,        :
      Counterclaim-Plaintiffs,              :
                                                   :
                    v.                          :
                                                   :
TWENTIETH CENTURY FOX FILM CORP., et al.,   :
      Counterclaim-Defendants.            :
-----------------------------------------------------------------------X
THE CARTOON NETWORK LP, LLLP, et al.,    :
      Plaintiffs,                                       :
                                                   :
                    v.                          :      06 Civ. 4092 (DC)
                                                     :
CSC HOLDINGS, INC., et al.,            :
      Defendants.                                   :
-----------------------------------------------------------------------X
CABLEVISION SYSTEMS CORP., et al.,        :
      Counterclaim-Plaintiffs,              :
                                                   :      **DEFENDANTS'**
                    v.                          :      **RESPONSE TO THE**
                                                   :      **TURNER PLAINTIFFS'**
THE CARTOON NETWORK LP, LLLP, et al.,    :      **ADDITIONAL**
      Counterclaim-Defendants.            :      **STATEMENTS OF FACT**
-----------------------------------------------------------------------X
CABLEVISION SYSTEMS CORP., et al.,        :
      Third-Party-Plaintiffs,               :
                                                   :
                    v.                          :
                                                   :
TURNER BROADCASTING SYSTEM, INC., et al.,   :
      Third-Party-Defendants.             :
-----------------------------------------------------------------------X

Defendants, counterclaim-plaintiffs, and third-party plaintiffs Cablevision Systems

Corporation and CSC Holdings, Inc. (together, "Cablevision") submit this response

("Response") to the Turner Plaintiffs' Additional Statements of Material Fact Pursuant to Local

Rule 56.1(b) ("Statement"). Cablevision incorporates into this Response the facts detailed in the

statement of material undisputed facts submitted by Cablevision in support of its own motion for

summary judgment, and its response to the Turner Plaintiffs' Local Rule 56.1 statement

submitted with their motion for summary judgment.

## PARAGRAPH NO. 1:

In its internal documents, Cablevision has repeatedly referred to the RS-DVR as a
service. (CSC001749-55 (tab 73) at CSC001749; CSC002604-05 (tab 67) at CSC002604;
CSC001114 (tab 68); CSC001184-91 (tab 69) at CSC001186, CSC001187, CSC01189; Mitchko
Ex. 14 (tab 77) at CSC03570.)

## RESPONSE TO PARAGRAPH NO. 1:

Cablevision states that the nomenclature used to describe the RS-DVR is not material to

resolution of the parties' cross-motions for summary judgment in either the 06-3990 or 06-4092

litigations. Cablevision further disputes the characterization of the facts contained in paragraph 1

of plaintiffs' Statement, and states that they are misleading to the extent that they suggest that

there is ongoing oversight or decision-making by Cablevision or its employees during the RS-

DVR recording or playback processes. *See* Declaration of Abigail K. Hemani in Support of

Defendants' Motions for Summary Judgment ("Second Hemani Decl."), Ex. A, Declaration of

Stephanie Mitchko in Support of Defendants' Motion for Summary Judgment ("Mitchko Decl."),

dated August 25, 2006, at ¶¶ 20, 31, 43. Cablevision does not dispute that the documents cited

contain the word "service" in them, but refers the Court to those documents for their complete

and accurate contents.

**PARAGRAPH NO. 2**:

The Cablevision head-ends where the equipment for the RS-DVR Service will be maintained are staffed by two to thirty individuals at any time, and Cablevision employees will monitor equipment used to provide the RS-DVR Service to ensure it is functioning properly. (Lee Tr. (tab 65) at 72:5-78:13, 141:24-143:13.)

**RESPONSE TO PARAGRAPH NO. 2**:

Cablevision states that the facts contained in paragraph 2 of plaintiffs' Statement are not

material to resolution of the parties' cross-motions for summary judgment in either the 06-3990

or 06-4092 litigations. Cablevision further disputes the characterization of the facts contained in

paragraph 2 of plaintiffs' Statement, and states that that plaintiffs' description of the RS-DVR as

a "Service" is misleading[1] to the extent it suggests that there is ongoing oversight or decision-

making by Cablevision or its employees during the RS-DVR recording or playback processes.

Second Hemani Decl., Ex. A, Mitchko Decl. ¶¶ 20, 31, 43.

**PARAGRAPH NO. 3**:

The network system that Cablevision intends to use to make the RS-DVR Service available for the technical trial is comprised of at least 12 servers, 2 databases, 1 switch and multiple hard drives, as well as many optical cables and GigE transport cables, which connect various components of the system. (Mitchko Ex. 4 (tab 48); Caramanica Ex. 16 (tab 74) at 34, 39, 42,44-45; Caramanica Tr. (tab 66) at 219:3-226:6; Lee Tr. (tab 65) at 22:12-24:14, 61:15-63:4.)

**RESPONSE TO PARAGRAPH NO. 3**:

Cablevision states that the facts contained in paragraph 3 of plaintiffs' Statement are not

material to resolution of the parties' cross-motions for summary judgment in either the 06-3990

or 06-4092 litigations. Cablevision does not dispute that the RS-DVR is comprised of multiple

technical components, including but not limited to computer servers, switches, and other devices,

but states the full customer rollout of the RS-DVR will require additional equipment that is not

---

[1] This is a standing dispute that applies to all subsequent uses of the term "Service" by plaintiffs to describe the RS-DVR.

required for the technical trial.  *See* Second Hemani Decl., Ex. A, Mitchko Decl. ¶ 13; Second

Hemani Decl., Ex. B, Deposition of Stephanie Mitchko ("Mitchko Dep."), dated August 11,

2006 and August 12, 2006, at 51:9-52:6; Second Hemani Decl., Ex. C, Deposition of Bob Lee

("Lee Dep."), dated September 13, 2006, at 127:16-21.

## PARAGRAPH NO. 4:

The various servers that Cablevision intends to use to make the RS-DVR Service
available for the technical trial will be located in different areas in Cablevision's head-end, as
indicated by the different colors on the network diagram.  (Mitchko Ex. 4 (tab 48); Caramanica
Tr. (tab 66) at 158:5-163:10.)

## RESPONSE TO PARAGRAPH NO. 4:

Cablevision states that the facts contained in paragraph 4 of plaintiffs' Statement are not

material to resolution of the parties' cross-motions for summary judgment in either the 06-3990

or 06-4092 litigations.  Cablevision further states that the facts contained in paragraph 4 of

plaintiffs' Statement are undisputed for purposes of summary judgment.[2]

## PARAGRAPH NO. 5.

If Cablevision were to implement a full-scale roll-out of the RS-DVR Service,
Cablevision would have to purchase "thousands of storage servers, thousands of switch ports and
at least hundreds of QAM devices".  (Lee Ex. 19 (tab 75) at CSC063428; Lee Tr. (tab 65) at
122:8-128:7.)

## RESPONSE TO PARAGRAPH NO. 5:

Cablevision states that the facts contained in paragraph 5 of plaintiffs' statement are not

material to resolution of the parties' cross-motions for summary judgment in either the 06-3990

---

[2]    The facts described in this Response as "undisputed" are admitted only for purposes of summary judgment in
the 06-3990 and 06-4092 litigations.  Nothing in this Response should be construed as an admission of any fact
for purpose of trial or for any other purpose.  Cablevision explicitly reserves its right to contest any and all of
plaintiffs' factual allegations at trial and outside the context of this litigation, and intends to strictly hold
plaintiffs to their burden of proof on all matters in the event of trial.  Further, by responding to a fact contained
in plaintiffs' Statement, Cablevision does not waive its right to contest such fact as immaterial at trial and/or
outside the context of this litigation.

or 06-4092 litigations. Cablevision further states that the facts contained in paragraph 5 of

plaintiffs' Statement are undisputed for purposes of summary judgment.

**PARAGRAPH NO. 6**:

Cablevision plans to make 170 linear networks available as part of a full-scale roll-out of RS-DVR Service. (Mitchko Tr. (tab 6) at 216:19-217:10, 219:2-7.)

**RESPONSE TO PARAGRAPH NO. 6**:

Cablevision states that the facts contained in paragraph 6 of plaintiffs' Statement are not

material to resolution of the parties' cross-motions for summary judgment in either the 06-3990

or 06-4092 litigations. Cablevision further disputes the characterization in paragraph 6 of

plaintiffs' Statement, and states that RS-DVR will enable customers with non-DVR digital cable

boxes to record the same television programming as Cablevision customers who have the SA

8300 box – namely, all linear programming within the specific tier of programming for which the

customer has paid (which includes prescheduled pay-per-view, but not VOD or non-traditional

interactive services). Second Hemani Decl., Ex. A, Mitchko Decl. ¶¶ 6, 12, 15; Second Hemani

Decl., Ex. D, Deposition of Patricia Gottesman ("Gottesman Dep."), dated August 1, 2006, at

245:4-8.

**PARAGRAPH NO. 7**:

It is technologically possible for Cablevision to include less [sic] than 170 linear networks as part of the RS-DVR Service. (Mitchko Tr. (tab 6) at 228:13-21.)

**RESPONSE TO PARAGRAPH NO. 7**:

Cablevision states that the facts contained in paragraph 7 of plaintiffs' Statement are not

material to resolution of the parties' cross-motions for summary judgment in either the 06-3990

or 06-4092 litigations. Cablevision further disputes the characterization in paragraph 7 of

plaintiffs' Statement, and states that RS-DVR will enable customers with non-DVR digital cable

boxes to record the same television programming as Cablevision customers who have the SA

8300 box – namely, all linear programming within the specific tier of programming for which the customer has paid (which includes prescheduled pay-per-view, but not VOD or non-traditional interactive services). Second Hemani Decl., Ex. A, Mitchko Decl. ¶¶ 6, 12, 15; Second Hemani Decl., Ex. D, Gottesman Dep. at 245:4-8.

## PARAGRAPH NO. 8:

A Cablevision document entitled "High Level Sizing for Customer Launch" indicates that Cablevision assumed for financial modeling purposes that in a full-scale roll-out of the RS-DVR Service, Cablevision would allocate 160 gigabytes of storage per set-top box enrolled in the RS-DVR Service. (Mitchko Ex. 33 (tab 45) at CSC000771.)

## RESPONSE TO PARAGRAPH NO. 8:

Cablevision states that the facts contained in paragraph 8 of plaintiffs' Statement are not material to resolution of the parties' cross-motions for summary judgment in either the 06-3990 or 06-4092 litigations. Cablevision disputes the characterization of facts stated in paragraph 8 of plaintiffs' Statement, but does not dispute that a financial analysis was performed using data based on an assumption of 160 gigabytes of storage per RS-DVR customer. Second Hemani Decl., Ex. E, Mitchko Dep. Ex. 33 at CSC000771.

## PARAGRAPH NO. 9.

Cablevision plans to allow its RS-DVR Service subscribers to increase the number of gigabytes of storage that they are allocated. (Blattman Tr. (tab 1) at 211:1-8; Blattman Ex. 31 (tab 79) at Arroyo 002845; CSC003031-32 (tab 43) at CSC003031.)

## RESPONSE TO PARAGRAPH NO. 9:

Cablevision disputes the facts contained in paragraph 9 of plaintiffs' Statement, and states that the evidence cited by plaintiffs in paragraph 9 of their Statement is not sufficient under Local Civ. R. 56.1(d) and Fed. R. Civ. P. 56(e) to support the statement of facts contained therein.          **REDACTED**

**REDACTED**

Cablevision further states that the facts contained in paragraph 9 of plaintiffs' Statement are not material to resolution of the parties' cross-motions for summary judgment in either the 06-3990 or 06-4092 litigations.

**<u>PARAGRAPH NO. 10</u>**:

Cablevision has referred to the RS-DVR Service as being rolled out in different "phases" with different functionality for each phase. (See, e.g., Mitchko Ex. 9 (tab 76) at CSC005047; Mitchko Ex. 14 (tab 77); Gottesman Ex. 9 (tab 78) at CSC011839.)

**<u>RESPONSE TO PARAGRAPH NO. 10</u>**:

Cablevision disputes that it intends to have a "phased" commercial roll-out with diferent functionality for each phase. Second Hemani Decl., Ex. D, Gottesman Dep. at 82:16-86:2. Cablevision disputes that any document cited by plaintiffs in support of the statements in paragraph 10 constitutes a plan adopted by Cablevision for the RS-DVR. Second Hemani Decl., Ex. D, Gottesman Dep. at 82:16-86:2. Cablevision further states that interim documents concerning functionality that may have been considered but was not implemented in the RS-DVR are not material to resolution of the parties' cross-motions for summary judgment in either the 06-3990 or 06-4092 litigations.

**<u>PARAGRAPH NO. 11</u>**:

**REDACTED**

**<u>RESPONSE TO PARAGRAPH NO. 11</u>**:

**REDACTED**

**PARAGRAPH NO. 12**:

      A May 3, 2006 Cablefax Daily article reported that Tom Rutledge, Cablevision's Chief Operating Officer, believes Cablevision can use the transmission of programming as part of the RS-DVR Service "to tweak stored video in the network". The article Mr. Rutledge as saying advertisement opportunities included "product placement after the fact or refreshment of advertisement opportunities". (Gottesman Ex. 6 (tab 80) at CSC011864.)

**RESPONSE TO PARAGRAPH NO. 12**:

      Cablevision states that the facts contained in paragraph 12 of plaintiffs' Statement are not

material to resolution of the parties' cross-motions for summary judgment in either the 06-3990

or 06-4092 litigations. Cablevision further disputes the characterizations in paragraph 12 of

plaintiffs' Statement as misleading, and states that when a customer plays back programming

that he or she recorded using the RS-DVR, the programming will contain the same

advertisements that it contained when it was cablecast (*i.e.*, when the customer recorded it) and

will not contain any additional advertisements or product placement or "tweaks." Second

Hemani Decl., Ex. D, Gottesman Dep. at 133:7-11; Second Hemani Decl., Ex. B, Mitchko Dep.

at 380:11-16., 382:20-383:3.

**PARAGRAPH NO. 13**:

      In order to view programming stored on a set-top DVR the cable operator does not transmit recorded programming over any external cable lines. (Lee Tr. (tab 65) at 78:18-79:5.)

**RESPONSE TO PARAGRAPH NO. 13**:

      Cablevision states that the facts contained in paragraph 13 of plaintiffs' Statement are not

material to resolution of the parties' cross-motions for summary judgment in either the 06-3990

or 06-4092 litigations.  Cablevision disputes plaintiffs' use of the term "transmit," as that term is

a legal characterization and not a statement of fact.  Cablevision further states that the evidence

cited by plaintiffs in paragraph 13 of their Statement is not sufficient under Local Civ. R. 56.1(d)

and Fed. R. Civ. P. 56(e) to support the statement of facts contained therein.

**PARAGRAPH NO. 14**:

      **REDACTED**


**RESPONSE TO PARAGRAPH NO. 14**:


      **REDACTED**







**PARAGRAPH NO. 15**:

      **REDACTED**


**RESPONSE TO PARAGRAPH NO. 15**:


      **REDACTED**

**PARAGRAPH NO. 16**.

      **REDACTED**

**RESPONSE TO PARAGRAPH NO. 16**:

      **REDACTED**

**PARAGRAPH NO. 17**:

      **REDACTED**

**RESPONSE TO PARAGRAPH NO. 17**:

      **REDACTED**

**REDACTED**

**PARAGRAPH NO. 18**:

**REDACTED**

**RESPONSE TO PARAGRAPH NO. 18**:

**REDACTED**

**PARAGRAPH NO. 19**:

**REDACTED**

**RESPONSE TO PARAGRAPH NO. 19**:

**REDACTED**

**REDACTED**

**PARAGRAPH NO. 20**:

**REDACTED**

**RESPONSE TO PARAGRAPH NO. 20**:

**REDACTED**

**REDACTED**

**PARAGRAPH NO. 21**:

**REDACTED**

**RESPONSE TO PARAGRAPH NO. 21**:

**REDACTED**

**REDACTED**

**PARAGRAPH NO. 22**:

**REDACTED**

**RESPONSE TO PARAGRAPH NO. 22**:

**REDACTED**

**REDACTED**

**PARAGRAPH NO. 23**:

**REDACTED**

**RESPONSE TO PARAGRAPH NO. 23**:

**REDACTED**

**REDACTED**

**PARAGRAPH NO. 24**:

**REDACTED**

**RESPONSE TO PARAGRAPH NO. 24**:

**REDACTED**

**PARAGRAPH NO. 25**:

With a DVR, multiple speeds of fast-forward and rewind available to RS-DVR Service subscribers. (Gottesman Ex. 4 (tab 32) at CSC011906.)

**RESPONSE TO PARAGRAPH NO. 25**:

Cablevision states that the facts contained in paragraph 25 of plaintiffs' Statement are not

material to resolution of the parties' cross-motions for summary judgment in either the 06-3990

or 06-4092 litigations. Cablevision further states that paragraph 25 of plaintiffs' Statement

contains grammatical or typographical errors that make it impossible to understand, and for that

reason Cablevision disputes the facts stated therein.

**PARAGRAPH NO. 26**:

For the technical trial of the RS-DVR Service, Cablevision intended to make only one speed of fast-forward and rewind available to RS-DVR Service subscribers. (Gottesman Ex. 4 (tab 32) at CSC011906; Mitchko Ex. 36 (tab 37) at CSC000006; Mitchko Ex. 37 (tab 42) at CSC000044.)

**RESPONSE TO PARAGRAPH NO. 26**:

Cablevision states that the facts contained in paragraph 26 of plaintiffs' Statement are not material to resolution of the parties' cross-motions for summary judgment in either the 06-3990 or 06-4092 litigations. Cablevision further states that the facts contained in paragraph 26 of plaintiffs' Statement are undisputed for purposes of summary judgment.

**PARAGRAPH NO. 27**:

With a DVR, a user can manually record programming, that is, a user can manually enter a start time and an end time that does not necessarily comport with a scheduled program. (Gottesman Ex. 4 (tab 32) at CSC011910; Caramanica Tr. (tab 66) at 69:6-19.)

**RESPONSE TO PARAGRAPH NO. 27**:

Cablevision states that the facts contained in paragraph 27 of plaintiffs' Statement are not material to resolution of the parties' cross-motions for summary judgment in either the 06-3990 or 06-4092 litigations. Cablevision does not dispute for purposes of summary judgment that some types of set-top storage digital video recorders ("STS-DVRs") permit users to enter a start and end time for a prescheduled recording.

**PARAGRAPH NO. 28**:

Subscribers to the RS-DVR Service will not be able to manually record programming, that is an RS-DVR Service subscriber cannot request a recording "by inputting a manual start time and end time that does not coincide with the start and end times on the electronic program guide". (Mitchko Ex. 37 (tab 42) at CSC000041; Gottesman Ex. 4 (tab 32) at CSC011910; Caramanica Tr. (tab 66) at 69:6-19.)

**RESPONSE TO PARAGRAPH NO. 28**:

Cablevision states that the facts contained in paragraph 28 of plaintiffs' Statement are not material to resolution of the parties' cross-motions for summary judgment in either the 06-3990 or 06-4092 litigations. Cablevision disputes the characterization of facts in paragraph 28 as misleading, and states that a customer using the RS-DVR can initiate the recording of television

programming in one of two ways. First, the customer can use the remote control to access and manipulate a program guide displayed on the television monitor connected to the set-top box. Through the manipulation of this program guide, the customer can schedule a recording of Subscription Programming that will be telecast at a later time. Second, while viewing programming then being telecast on Cablevision's cable television systems, the customer can simply press the "record" button on the remote control to initiate the recording of such programming at that time. By issuing that command, the recording of the currently-airing program commences at the point in the program when the customer issued the recording command. Second Hemani Decl., Ex. A, Mitchko Decl. ¶¶ 18-19.

**PARAGRAPH NO. 29**:

With a DVR, a user can play back recorded programming while the program is still being aired as part of the normal television broadcast. (Gottesman Ex. 4 (tab 32) at CSC011910; Mitchko Tr. (tab 6) at 328:12-18.)

**RESPONSE TO PARAGRAPH NO. 29**:

Cablevision states that the facts contained in paragraph 29 of plaintiffs' Statement are not material to resolution of the parties' cross-motions for summary judgment in either the 06-3990 or 06-4092 litigations. Cablevision does not dispute for purposes of summary judgment that some types of STS-DVRs enable users to play back recorded programming while the program is still being aired.

**PARAGRAPH NO. 30**:

Subscribers to the RS-DVR Service will not be able to request playback of programming while the program is still being broadcast as part of the normal cable television broadcast. (Mitchko Ex. 37 (tab 42) at CSC000041; Mitchko Tr. (tab 6) at 328:12-23, 329:14-332:23; Gottesman Ex. 4 (tab 32) at CSC011907.)

**RESPONSE TO PARAGRAPH NO. 30**:

Cablevision disputes the characterization of facts in paragraph 30 of plaintiffs' Statement, and states that a customer may play back the programming that he or she has recorded during the RS-DVR only after his or her recording of that program is complete. Second Hemani Decl., Ex. B, Mitchko Dep. at 328:12-23, 329:14-332:23.

**PARAGRAPH NO. 31**:

With a DVR, a user who presses record while a program is in progress can capture the entire program as long as the DVR was tuned to that channel from the beginning of the program. (CSC016142-43 (tab 81) at CSC016143; Gottesman Ex. 4 (tab 32) at CSC011907.)

**RESPONSE TO PARAGRAPH NO. 31**:

Cablevision states that the facts contained in paragraph 31 of plaintiffs' Statement are not material to resolution of the parties' cross-motions for summary judgment in either the 06-3990 or 06-4092 litigations. Cablevision does not dispute for purposes of summary judgment that some types of STS-DVRs can capture the entire program as long as the STS-DVR was tuned to the channel from the beginning of the program, and the amount of data from the beginning of the program to the point at which the user presses the record button is not greater than the size of the memory cache.

**PARAGRAPH NO. 32**:

Subscribers to the RS-DVR Service who press record while a program is in progress will only be able to request that Cablevision record and playback the portion of the program from that moment forward. (CSC016142-43 (tab 81) at CSC016142; Gottesman Ex. 4 (tab 32) at CSC011907; Mitchko Tr. (tab 6) at 332:6-23.)

**RESPONSE TO PARAGRAPH NO. 32**:

Cablevision disputes the characterization of facts in paragraph 32 of plaintiffs' Statement, and states that a user may record programming that is then in progress only from the point in the

program when he or she pressed the record button.  Second Hemani Decl., Ex. B, Mitchko Dep.

at 332:6-23.

**PARAGRAPH NO. 33**:

With a DVR, a user can "bookmark", which is the ability to mark a program so that you can resume playback from that spot after an extended period of time has passed. (Gottesman Ex. 4 (tab 32) at CSC011914.)

**RESPONSE TO PARAGRAPH NO. 33**:

Cablevision states that the facts contained in paragraph 33 of plaintiffs' Statement are not

material to resolution of the parties' cross-motions for summary judgment in either the 06-3990

or 06-4092 litigations.  Cablevision does not dispute for purposes of summary judgment that

some types of STS-DVRs contain a function by which users may "bookmark" recorded

programs.

**PARAGRAPH NO. 34**:

Subscribers to the RS-DVR Service will not be able to "bookmark" programming. (Gottesman Ex. 4 (tab 32) at CSC011914; Mitchko Ex. 37 (tab 42) at CSC000041.)

**RESPONSE TO PARAGRAPH NO. 34**:

Cablevision states that the facts contained in paragraph 34 of plaintiffs' Statement are not

material to resolution of the parties' cross-motions for summary judgment in either the 06-3990

or 06-4092 litigations.  Cablevision further disputes the characterization of facts in paragraph 34

of plaintiffs' Statement, and states that the RS-DVR does not have a "bookmark" feature.

**PARAGRAPH NO. 35**:

Certain Turner linear networks, including the Cartoon Network, CNN, TBS and TNT, will be available part of the RS-DVR Service. (Mitchko Ex. 36 (tab 37) at CSC000004.)

**RESPONSE TO PARAGRAPH NO. 35**:

Cablevision disputes the characterization of facts in paragraph 35 of plaintiffs' Statement,

and states that RS-DVR will enable customers with non-DVR digital cable boxes to record the

same television programming as Cablevision customers who have the SA 8300 box – namely, all linear programming within the specific tier of programming for which the customer has paid (which includes prescheduled pay-per-view, but not VOD or non-traditional interactive services). Second Hemani Decl., Ex. A, Mitchko Decl. ¶¶ 6, 12, 15; Second Hemani Decl., Ex. D, Gottesman Dep. at 245:4-8. Cablevision does not dispute for purposes of summary judgment that RS-DVR users who receive Turner linear networks as part of the specific tier of programming for which such users have paid will be able to record programming from those networks.

**PARAGRAPH NO. 36**:

Turner informed Cablevision in a letter dated May 10, 2006 that "proceeding with the Service even on a trial basis, would be illegal under the Copyright laws". (CSC004354 (tab 64).)

**RESPONSE TO PARAGRAPH NO. 36**:

Cablevision states that the facts contained in paragraph 36 of plaintiffs' Statement are not material to resolution of the parties' cross-motions for summary judgment in either the 06-3990 or 06-4092 litigations. Cablevision does not dispute that paragraph 36 accurately quotes the document that it cites, but refers the Court to that document for its complete and accurate contents.

Dated:  October 6, 2006                     Respectfully submitted,
       New York, New York

Cablevision Systems Corporation, Inc. and
CSC Holdings, Inc.

By their attorneys,

  /s/  Benjamin Hershkowitz__
Benjamin Hershkowitz (BH 7256)
GOODWIN PROCTER LLP
599 Lexington Ave.
New York, NY 10022
212.813.8800 (tel.)
212.355.3333 (fax)
bhershkowitz@goodwinprocter.com

  - and -
John C. Englander (admitted *pro hac vice*)
J. Anthony Downs (admitted *pro hac vice*)
R. David Hosp (admitted *pro hac vice*)
Robert D. Carroll (RC 1028)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
617.570.1000 (tel.)
617.523.1231 (fax)
jenglander@goodwinprocter.com
jdowns@goodwinprocter.com
rhosp@goodwinprocter.com
rcarroll@goodwinprocter.com

LIBA/1738089.1