UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

THE CARTOON NETWORK LP, LLLP and
CABLE NEWS NETWORK LP, LLLP,

        Plaintiffs/Counterclaim Defendants,

        v.

CSC HOLDINGS, INC. and CABLEVISION
SYSTEMS CORPORATION,

        Defendants/Counterclaim Plaintiffs/
        Third-Party Plaintiffs,

        v.

TURNER BROADCASTING SYSTEM, INC.,
CABLE NEWS NETWORK LP, LLP, TURNER
NETWORK SALES, INC., TURNER CLASSIC
MOVIES, L.P., LLLP, TURNER NETWORK
TELEVISION LP, LLLP, and THE CARTOON
NETWORK LP, LLP,

        Third-Party Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

06 Civ. 4092 (DC)

**TURNER'S RESPONSE TO DEFENDANTS' LOCAL RULE 56.1(b)
STATEMENT OF ADDITIONAL MATERIAL FACTS IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND RESTATEMENT
OF CERTAIN MATERIAL FACTS IN LIGHT OF FACTS OBTAINED IN
EXPERT DISCOVERY**

        Katherine B. Forrest
        Antony L. Ryan
        CRAVATH, SWAINE & MOORE LLP
           Worldwide Plaza
           825 Eighth Avenue
           New York, NY 10019
            (212) 474-1000

        *Attorneys for Plaintiffs/Counterclaim
        Defendants The Cartoon Network LP, LLLP
        and Cable News Network LP, LLLP and
        Third-Party Defendants Turner
        Broadcasting System, Inc., Turner Network
        Sales, Inc., Turner Classic Movies LP, LLLP
        and Turner Network Television LP, LLLP*

October 30, 2006

**REDACTED VERSION**
**COMPLETE VERSION FILED UNDER SEAL**

**TURNER'S RESPONSE TO DEFENDANTS' LOCAL RULE 56.1(b)
STATEMENT OF ADDITIONAL MATERIAL FACTS IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

On October 20, 2006, two weeks after the due date for reply briefs in this case, Cablevision filed Defendants' Response to the Turner Plaintiffs' Third Statement of Material Facts. In addition to responding to facts asserted by Turner[1] in support of its Summary Judgment Motion, Cablevision set forth additional facts under the heading "Defendants' Local Rule 56.1(b) Statement of Additional Material Facts in Opposition to Plaintiffs' Motion for Summary Judgment". Turner contests these additional facts as follows:

*1. The RS-DVR will enable customers with non-DVR digital cable boxes to record the same television programming as Cablevision customers who have the SA 8300 box. Third Hemani Decl., Ex. B, Gottesman Dep. at 228:22-229:6.*

1. Turner denies that the RS-DVR Service will "enable customers" to record anything as part of the RS-DVR Service. The RS-DVR Service will enable Cablevision subscribers to request that Cablevision record programming for them. (Turner SoF ¶ 103.)

2.

**REDACTED**

2.

**REDACTED**

*3. All storage space allocated to a specific user in the Arroyo server of the RS-DVR is stored on a single physical drive. Third Hemani Decl., Ex. F, Deposition of Kirk*

---

[1] Plaintiffs and Counterclaim Defendants The Cartoon Network LP, LLLP and Cable News Network LP, LLLP and Third-Party Defendants Turner Broadcasting System, Inc., Turner Network Sales, Inc., Turner Classic Movies LP, LLLP and Turner Network Television LP, LLLP are herein collectively referred to as "Turner".

2

*Blattman, dated August 11, 2006, at 109:17-110:8; Third Hemani Decl., Ex. E, Horowitz Rebuttal Report* ¶ 9.

3. Denied, except Turner admits that Cablevision will allocate a specific number of gigabytes of storage on Cablevision's hard drives to each RS-DVR Service subscriber. Responding further, Turner states that, although Cablevision claims that it will store copies for up to four individual RS-DVR Service subscribers on hard drives in Arroyo servers located at the head-end, the copies do not exist in a contiguous block on a given hard drive, and Cablevision has "no method of viewing the memory location" of recordings it has made on a particular hard drive, which means that Cablevision cannot know whether files associated with a particular subscriber are all contained on the same hard drive. (Turner SoF ¶¶ 103-104, 106-108; Caramanica Tr. (tab 66) at 73:3-76:4, 179:23-182:9; Caramanica Ex. 14 (tab 71) at CSC054568, CSC054570.)

4. **REDACTED**

4. **REDACTED**

5. *The terms "network DVR" (nDVR) and "network PVR" (nPVR) do not have a standard industry definition, and are used loosely by different people to refer to different systems and technologies. Third Hemani Decl., Ex. G, Deposition of Glenn Reitmeier, dated September 5, 2006, at 168:7-10, 171:22-172:5; Third Hemani Decl., Ex. B, Gottesman Dep. at 35:4-17, 37:7-8.*

5. Turner denies that the term "network DVR" ("nDVR"), which is also sometimes referred to as a "network PVR" ("nPVR"), does not have a standard definition within the cable television industry. The term nDVR or nPVR refers to a system where a cable operator "use[s] a video file server to capture programs as they are broadcast and then to allow subscribers to view them later as a VOD program". (Walter Ciciora et al., *Modern Cable Television Technology* (tab 27) 389 (2d ed. 2004).) The term nDVR or nPVR refers to technologies such as the proposed RS-DVR Service, and it applies equally to other technologies, such as the "StartOver" service from Time Warner Cable, where the cable operator records only those programs for which it has obtained a license. (DeHart Tr. (tab 87) at 44:11-45:24; 70:7-71:10; 72:18-21.)

**TURNER'S RESTATEMENT OF CERTAIN MATERIAL FACTS IN LIGHT OF FACTS OBTAINED IN EXPERT DISCOVERY**

Pursuant to Rule 56.1(a) of the Local Rules of the United States District Court for the Southern District of New York and this Court's Order of September 6, 2006, Turner hereby presents additional factual support for certain material facts previously set out in its Statement of Material Facts Pursuant to Local Rule 56.1(a) in Support of Turner's Motion for Summary Judgment dated August 25, 2006. Certain of these facts are restated in light of additional facts obtained in discovery after the reply briefs were filed on October 6, 2006.

89.

**REDACTED**

90.

**REDACTED**

97.

**REDACTED**

October 30, 2006

Respectfully submitted,

**CRAVATH, SWAINE & MOORE LLP**
By
_____
Katherine B. Forrest (KF-1979)
Antony L. Ryan (AR-0394)

Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

*Attorneys for Turner Plaintiffs,*
*Counterclaim Defendants and Third-Party*
*Defendants*